On the Merits.
An analysis of the second amended petition discloses: That the plaintiffs aré the owners of the “William Southerlin” claim, containing over 800 acres of land, and composed of irregular sections 126, 132, 127, and 46, all high land, and extending down into “Sibley’s Lake” or “Lake Terre Noire,” embracing section 139, all of lot 1, and parts of lots 2, 8, and 4 of section 134, part of lot 1 of section 135, part of lot 5 of section 13, and all of lots 2 and 4 of section 14, all in township 9, north of range 7 west. That plaintiffs have been for more than 50 years in actual corporeal possession of over 50 acres of said tract of land, and through registry of their authentic titles in civil possession of the whole tract.' That defendants about 10 years ago disturbed plaintiffs’ civil possession to the extent of about 8 or 10 acres, being the northern corner of said section 132, by removing the timber therefrom, and erecting a cabin and building fences thereon. That said defendants remained in actual possession of said parcel of ground for a year or two, and now hold civil possession of the same, under a claim of ownership. That quoad said 8 or 10 acres this suit is petitory, and plaintiffs are entitled to judgment de *503 creeing them owners, and also awarding them damages for timber cut and for rents. That said parcel of ground is well worth the sum of $1,000, and the value of the timber cut is $100 and a fair rental value of the land is $50 per annum. That in the year 1890 the defendant caused to be duly recorded a document purporting to be a sale from Percy and Dismukes to them of property described as follows:
“Held in indivisión by the said Percy and Dismukes, being the extreme western portion of the Southerlin claim, lying and being situated in the parish of Natchitoches, about three miles west of the town of Natchitoches, containing about one hundred and twenty acres more or less.”
That the registry of said deed operates a cloud upon the plaintiff’s title to the “Southerlin claim,” constitutes a slander thereof, and entitles them to damages. That defendants have laid claim both orally and in writing to parts of said tract of land, which claims also constitute a slander of plaintiff’s title. That plaintiffs are unable to designate with greater particularity the parts of'said land so claimed by the defendants; defendants’ claim itself, as well as the document above mentioned, being indefinite. Tnat defendants have cut wood from more than 100 acres of petitioners’ said land, to wit, all over section 132, removing therefrom at least $200 worth of wood. That this action so far as said section 132 is concerned, except the 8 or 10 acres above mentioned, is one of jactitation and also for trespass for timber cut. That the registry of said document constitutes a slander of title, not only to the extent of the 120 acres more or less, as called for by the document, but to all of section 132, containing 375 acres and well worth $50 per acre.
The prayer for judgment is as follows:
“(1) Decreeing your petitioners owners of all the land above described as compassing the Southerlin claim, and entitled to the possession of all of the same.
“(2) For judgment against defendants for the-following amounts as damages, to wit:
“(A) One hundred dollars, timber cut on the-eight or ten acres of which defendants took, actual possession.
“(B) Fifty dollars per annum rent for the last ten years and for each year pending suit for the said eight or ten acres.
“(O) Five hundred dollars for timber cut on-section 132 besides the eight or ten acres enclosed.
“(D) Damages for slandering your petitioners” title to section 132, as follows, to wit: Two-hundred dollars attorney’s fees for prosecuting this suit and five hundred dollars injuries to-the commercial value of petitioners’ title.
“They further pray for costs and general relief.”
Defendants pleaded a number of exceptions to the- second amended petition, including no cause of action, vagueness and indefiniteness of allegations, and cumulatiom of different actions in the same suit. The-district judge sustained the exceptions.
In their original answer the defendants-averred that they were and had been in possession for more than 10 years of the 120-acres of land purchased by them in 1890,. as- shown by the deed on record. This tract is the only matter in dispute between the parties. Plaintiffs were admittedly out of possession, and their only remedy was by petitory action. Instead of amending and bringing such an action for the whole tract claimed by the defendants, plaintiffs in their second amended petition included three separate and distinct actions, to wit: One,, petitory to recover 8 or 10 acres of land-in the northern corner of section 132; another, of jactitation or slander of their title-to section 132 and the Southerlin claim generally ; and, a third, for damages for cutting timber on section 132 less the 8 or 10 acres-in the northern corner. It is patent that the first two actions cover the same land, and that the third is a personal action for damages.
It is evident that the three actions are-distinct, and are governed by different rules and principles. Such actions should not be *505 •cumulated. In this ease on the first appeal we pointed out that the action should have Teen possessory, petitory, in jactitation, or for damages for trespass, and that the property in dispute should be described with reasonable certainty. The case comes back with a cumulation of the three last-named actions and the same uncertainty of description .as to possession and property.
We cannot countenance such a departure from the ordinary rules of practice. The ■exceptions were properly sustained.
On the merits of the case, it was shown that the defendants have been in possession as owners of the tract in dispute since 1890, and had not cut timber on any other land as .alleged.
Judgment affirmed.